```
UNITED STATES DISTRICT COURT                              C/M
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ROBERT ANTON WILLIAMS, JR.,                                   :
                                                              :
                             Plaintiff,                       :
                - against -                                   :   **MEMORANDUM AND ORDER**
                                                              :
SUPERINTENDENT OF BROOKLYN                                    :   15 Civ. 6085 (BMC)(LB)
DETENTION CENTER; SUPERINTENDENT                              :
OF ANNA M. KROSS CENTER; THE CITY                             :
OF NEW YORK; THE DEPARTMENT                                   :
OF CORRECTIONS OF THE CITY OF NEW                             :
YORK,                                                         :
                             Defendants.                      :
                                                              :
------------------------------------------------------------- X
```

**COGAN,** District Judge.

Petitioner, currently incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, filed this *pro se* civil rights complaint against defendants. He seeks $250,000 in damages. The Court grants plaintiff's request to proceed *in forma pauperis.* The complaint is dismissed as set forth below, with leave to amend in part.

## BACKGROUND

Plaintiff alleges that he was "denied access to the court on three separate occasions by [Department of Corrections] resulting in the dismissal of all 3 claims in Brooklyn Family Court." Specifically, plaintiff alleges that he was denied access to the Family Court: on February 6, 2015, when he was detained at the Brooklyn Detention Center; on September 30, 2015; and October 6, 2015, when he was detained at AMKC. Plaintiff also includes a copy of a Summons issued to Monique Pappas to appear in Family Court on October 6, 2015.

Plaintiff is no stranger to this Court.  See Williams v. NYS Board of Examiners, No. 15 Civ. 6086 (BMC) (filed Oct. 15, 2015); Williams v. Quinones, No. 15 Civ. 5609 (BMC) (complaint dismissed in part, false arrest claim stayed pending resolution of criminal proceedings in state court); Williams v. Hynes, No. 15 Civ. 5480 (BMC) (dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B)); Williams v. Whitbeck, No. 14 Civ. 6794 (BMC) (granting defendant's motion to dismiss); Williams v. Smith, No. 14 Civ. 5082 (BMC) (pending).

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."  Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  Id.  Nonetheless, the Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *or any portion of the complaint* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief

may be granted." 28 U.S.C. § 1915A(a) & (b)(1) (emphasis added). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### A. Municipal Liability

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury *and* a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Social Servs of the City of New York, 436 U.S. 658, 692, 98 S. Ct. 2018, 2036 (1978); see also Connick v. Thompson, 563 U.S. 51, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); Costello v. City of Burlington, 632 F.3d 41, 49 (2d Cir. 2011); Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) ("Following Iqbal and Twombly, Monell claims must satisfy the plausibility standard . . . .").

Plaintiff's complaint only includes conclusory statement alleging "the custom, policy, and practice" of the City of New York has had the practical effect of depriving him of constitutional privileges. Plaintiff does not allege, and nothing in his complaint suggests, any facts to support a Monell claim against the City of New York. Therefore, plaintiff has not made

3

the required showing to confer Monell liability on the City of New York and this portion of the complaint complaint is dismissed pursuant to 28 U.S.C. § 1915A(b); 1915(e)(2)(B).

Furthermore, section 396 of the Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. That provision "has been construed to mean that New York City departments [and agencies, such as the New York City Department of Correction ("DOC")], as distinct from the City itself, lack the capacity to be sued." Ximines v. George Wingate High Sch., 516 F.3d 156, 159-60 (2d Cir. 2008) (*per curiam*); Lopez v. Zouvelos, No. 13 Civ. 6474 (MKB), 2014 WL 843219, at *2 (E.D.N.Y. Mar. 4, 2014) (dismissing all claims against the NYPD and DOC as non-suable entities); Henderson v. Kelly, No. 13 Civ. 5738, 2014 WL 689046, at *1 (E.D.N.Y. Feb. 20, 2014) (same); Adams v. Galletta, 966 F. Supp. 210, 212 (E.D.N.Y. 1997) (DOC not a suable entity). Therefore, the New York City DOC cannot be sued and plaintiff's claims against this defendant are dismissed pursuant to 28 U.S.C. § 1915A(b); 1915(e)(2)(B).

**B.**    **Access to the Courts**

Plaintiff sues the Superintendents of both the Brooklyn Detention Center and AMKC for denying him access to Family Court proceedings. In order to plead a violation of the plaintiff's right of access to the courts, plaintiff must demonstrate that he has suffered, or will suffer, actual injury because of the conduct of prison officials. See Lewis v. Casey, 518 U.S. 343, 349, 116 S. Ct. 2174, 2179 (1995); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("plaintiff must allege that the defendant took or was responsible for actions that hindered efforts to pursue a legal

4

claim"); Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997) ("a plaintiff must demonstrate that a defendant caused actual injury") (internal citations and quotation marks omitted).

In other words "the plaintiff must show . . . that a nonfrivolous legal claim had been frustrated or was being impeded due to the actions of prison officials." Amaker v. Haponik, No. 98 Civ. 2663, 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999) (internal citation omitted); Clay v. Schwebler, No. 9:13 Civ. 1314, 2015 WL 4464496, at *5 (N.D.N.Y. July 21, 2015) (dismissing *pro se* plaintiff's access-to-court claim regarding visitation petition to Family Court while incarcerated). Here, plaintiff alleges that he was denied access to the court on three separate occasions and that the Family Court dismissed his claims as a result. Although plaintiff attaches orders directing the prison facility to produce plaintiff at a telephonic hearing on February 6, 2015 and on September 30, 2015, he does not state that any individual prison official failed to produce him for the telephonic hearing at the prison facility. As to plaintiff's claim that he was not produced on October 6, 2015, he only provides a summons issued for Monique Pappas. It is unclear whether plaintiff is alleging that prison officials failed to bring him to Family Court for the dates he listed, or that they failed to produce him for the telephonic hearings to be held at the prison facility. Finally, although plaintiff alleges that his Family Court case was dismissed as a result, he does not provide any support for this conclusion. Plaintiff's claim alleging lack of access to the courts is dismissed for failure to state a claim.

## **CONCLUSION**

For the foregoing reasons, the complaint, filed *in forma pauperis*, is dismissed as to the City of New York and the New York City Department of Correction for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). No summons shall issue against these

5

defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

In light of plaintiff's *pro se* status, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court will permit plaintiff to file an amended complaint solely as to his access-to-court claim against the remaining defendants within 20 days from the entry date of this Order. If plaintiff elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number, 15 Civ. 6085 (BMC). In the amended complaint, plaintiff should set forth the actions allegedly taken by each of the defendants, the case to which such actions were related, the effect on the case, and the ultimate result in the case. Plaintiff must name as defendants the individuals who allegedly violated his rights.[1] If available, plaintiff should attach copies of any orders issued by the Family Court to support his claim, including any orders of dismissal. If filed, the amended complaint shall replace the original complaint. All further proceedings shall be stayed for 20 days or until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint with the time allowed, the action shall be dismissed and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      November 17, 2015

---

[1] If plaintiff cannot identify each individual within the time allowed, he can identify each defendant as John or Jane Doe #1 etc. along with job title, place of employment, date and tour of duty, and a physical description.