```
UNITED STATES DISTRICT COURT                              C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                           :
ROBERT ANTON WILLIAMS, JR.,                                :
                                                           :
                              Plaintiff,                   :   **MEMORANDUM AND ORDER**
                                                           :
                 - against -                               :   15 Civ. 6085 (BMC)(LB)
                                                           :
SUPERINTENDENT OF THE BROOKLYN                             :
DETENTION CENTER and SUPERINTENDENT                        :
OF ANNA M. KROSS CENTER,                                   :
                                                           :
                              Defendants.                  :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff Robert Anton Williams Jr., currently incarcerated at the Anna M. Kross Center ("AMKC") on Rikers Island, filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. By Memorandum and Order dated November 17, 2015, the Court granted plaintiff's application to proceed *in forma pauperis*, dismissed the complaint in part and directed plaintiff to file an amended complaint. On December 7, 2015, plaintiff filed an amended complaint. The amended complaint still fails to state a claim, and the case is therefore dismissed.

## BACKGROUND

Plaintiff reiterates his claims that he was "denied access to court on three separate occasions by D.O.C. resulting in the dismissal of all 3 claims in Brooklyn Family Court." First, plaintiff alleges that the Brooklyn Family Court scheduled a telephonic conference for February 6, 2015 and issued an order on December 1, 2014, to the Superintendent of the Brooklyn Detention Center to have him produced for the telephonic hearing. Plaintiff alleges that prison

officials failed to produce him on February 6, 2015, and that the complaint "was dismissed because of a failure to appear by both parties." Plaintiff does not provide a copy of the Family Court's order dismissing the action.

Despite plaintiff's allegation that the case was dismissed, he also alleges that the Brooklyn Family Court scheduled a second telephonic conference in the same matter for September 30, 2015 and issued an order on July 6, 2015 to the Superintendent at AMKC to have him produced for the telephonic hearing. Plaintiff alleges that prison officials failed to produce him on September 30, 2015, and that the case was dismissed without prejudice. Plaintiff alleges the same injury, i.e., that his child support payments continue to accrue and unspecified litigation costs.

Finally, plaintiff alleges that he was "denied a physical appearance in Brooklyn Family Court in the matter of visitation" on October 6, 2015. Plaintiff does not provide any documents to support his claim that prison officials were directed to produce him in relation to this court matter. The only document plaintiff provides is a copy of the Summons issued to Monique Pappas dated August 24, 2015.

Plaintiff is a repeat litigant in this Court. See Williams v. NYS Board of Examiners, No. 15 Civ. 6086 (BMC) (dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B)); Williams v. Quinones, No. 15 Civ. 5609 (BMC) (complaint dismissed in part and false arrest claim stayed pending resolution of criminal proceedings in state court); Williams v. Hynes, No. 15 Civ. 5480 (BMC) (dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and

1915(e)(2)(B)); Williams v. Whitbeck, No. 14 Civ. 6794 (BMC) (granting defendant's motion to dismiss); Williams v. Smith, No. 14 Civ. 5082 (BMC) (pending).

## STANDARD OF REVIEW

In reviewing the amended complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); accord Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. Nonetheless, the Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

# DISCUSSION

## A. Access to the Courts

Plaintiff sues the Superintendents of both the Brooklyn Detention Center and AMKC for denying him access to Family Court proceedings. In order to plead a violation of the plaintiff's right of access to the courts, the plaintiff must demonstrate that he has suffered, or will suffer, actual injury because of the conduct of prison officials. See Lewis v. Casey, 518 U.S. 343, 349 (1995); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) ("plaintiff must allege that the defendant took or was responsible for actions that hindered efforts to pursue a legal claim.") Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997) ("a plaintiff must demonstrate that a defendant caused actual injury") (internal citations and quotation marks omitted).

In other words, "the plaintiff must show . . . that a nonfrivolous legal claim had been frustrated or was being impeded due to the actions of prison officials." Amaker v. Haponik, No. 98 Civ. 2663 (JGK), 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999) (internal citation omitted); Clay v. Schwebler, No. 9:13 CV 1314, 2015 WL 4464496, at *5 (N.D.N.Y. July 21, 2015) (dismissing *pro se* plaintiff's access-to-court claim regarding a visitation petition to Family Court while incarcerated).

### 1. *February 6, 2015 and September 30, 2015 Incidents*

Here, plaintiff fails to plead facts to show that he sustained an actual injury based on defendants' purported failure to produce him at a telephonic conference on either February 6, 2015 or September 30, 2015. Although plaintiff alleges that his action was dismissed by the Family Court "because of a failure to appear by both parties" on February 6, 2015, he does not

provide any documents to support his claim.  Rather, he alleges that the Family Court scheduled a second telephonic hearing on September 30, 2015, which disproves his allegation that his Family Court matter was dismissed based on his failure to appear on February 6, 2015.

Although plaintiff provides a copy of the Family Court's Order of Dismissal for failure to appear on September 30, 2015, the Family Court dismissed the case *without prejudice*.  Plaintiff does not plead any facts to suggest that prison officials prevented him from reinstating his Family Court action, prevented him from seeking reconsideration of the Family Court's Order of Dismissal or seeking appellate review.  See, e.g., Clay v. Schwebler, No. 9:13 CV 1314, 2015 WL 4464496, at *5.

### 2. October 6, 2015 Incident

Even after an opportunity to amend, plaintiff's claim that he was not produced on October 6, 2015, is the same as in the original complaint.  Plaintiff only provides a summons issued for Monique Pappas.  The summons does not direct AMKC prison officials to produce plaintiff to Brooklyn Family Court on October 6, 2015, nor does it require AMKC prison officials to produce plaintiff for a telephonic hearing on October 6, 2015.

There is thus no plausible claim that prison officials denied plaintiff his right of access to the Family Court on October 6, 2015.  Although all allegations contained in the [amended] complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  Iqbal, 556 U.S. at 678.

Accordingly, plaintiff has failed to plead facts sufficient to show that his right to access the courts was denied by defendants and he has failed to allege conduct that caused actual injury

or materially prejudiced him in his Family Court matter. See Pacheco v. Connecticut, 471 F. App'x 46, 47 (2d Cir. 2012) (affirming *sua sponte* dismissal of *pro se* prisoner complaint alleging denial of access-to-court claim).

## **CONCLUSION**

This action is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
December 18, 2015